REQUESTED BY: Senator Gary E. Hannibal Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Hannibal:
You have directed our attention to LB 586, and have asked whether that bill violates Article III, Section 14, of the Nebraska Constitution, which provides that no bill shall contain more than one subject, which shall be clearly expressed in the title. In view of the very broad interpretation our court has given to this constitutional provision, we are unable to say that LB 586 violates it, although it admittedly stretches it to its limits.
The title of the bill recites that it is an act relating to revenue and taxation, to create certain funds, to provide for a distribution of funds to political subdivisions, to change provisions relating to sales and use tax, to provide funding and procedures for managing certain natural resources, to provide for loans and grants, to create a board, to direct the Legislature to annually appropriate certain general funds, to provide priorities, and to eliminate local sales and use taxes in funding procedures.
We start with the premise that the raising of revenue by taxation and the disposition of funds so raised is a single subject which may properly be provided for in one bill. The bill amends the sales tax act, by imposing a tax on the sale of bingo cards, lottery tickets, and pickle cards, and the gross receipts from rendering brokerage service. It also provides a fund for aid to counties, municipalities, and school districts.
Section 6 amends § 77-3705, dealing with the homestead exemption, by limiting it to veterans over 70 years of age. Section 77-3523 provides for reimbursement to the taxing agencies of the state of tax revenues lost because of the homestead exemption, so section 6 deals with the disbursement of funds raised by the state by taxation.
Sections 5 through 20 of the bill create the Water Management and Development Board, and the Water Management and Development Fund. Section 11 provides for crediting and appropriating state funds to that Fund. Section 12 provides that the Board shall apportion the funds in the Water Management and Development Fund in a prescribed manner. We believe these sections deal with the disposition of state funds raised by taxation.
Sections 21 and 22 of the bill deal with the disposition of the Nebraska Resources Development Fund. Again, we cannot say that this is wholly unrelated to revenue and taxation.
The bill also repeals §§ 77-27,136 to 77-27,140, dealing with the Governmental Subdivision Fund, and §§ 77-27,142
to 77-27,148, the Local Option Revenue Act. Presumably, the rationale behind such repeals is that the Legislature has made provision for state aid to political subdivisions in sections 1 through 3 of LB 586, and that the Governmental Subdivision Fund and the Local Option Revenue Act are no longer necessary.
The thread tying all of the different parts of the bill together is admittedly tenuous, but in view of the history of our court's broad interpretation of Article III, Section 14, we are not prepared to say that it would find a violation in this case.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General